**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-1653**

———————————

THOMAS P. DALY,

             Plaintiff - Appellant,

      v.

TRUDY ZOBEL; DAVID HINSON; JOHN RODRIGUEZ,
Officer; CAPTAIN DONOGHUE,

             Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:06-cv-01733-DCN)

———————————

Submitted:  March 31, 2008          Decided:  April 14, 2008

———————————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Chalmers C. Johnson, CHALMERS JOHNSON LAW FIRM, LLC, Mt. Pleasant,
South Carolina, for Appellant.  Alice F. Paylor, ROSEN, ROSEN &
HAGOOD, LLC, Charleston, South Carolina; David Leon Morrison,
Michael B. Wren, DAVIDSON, MORRISON & LINDEMANN, PA, Columbia,
South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Daly appeals from the district court's order dismissing his claims arising out of his arrest and prosecution following an incident at his daughter's elementary school. The charges were ultimately dismissed and Daly filed, in state court, a complaint asserting a state law claim for malicious prosecution and a federal claim pursuant to 42 U.S.C. § 1983 (2000). He later amended the complaint to ostensibly remove the § 1983 claim but left two references to that statute in the amended complaint. The Defendants removed the action to federal court based on federal question jurisdiction, 28 U.S.C. § 1331 (2000), and moved to dismiss. Daly then filed a motion to amend the complaint based on "typographical errors" but did not identify those errors, nor did Daly seek a remand to state court. Along with the motion to amend, Daly's attorney included a proposed amended complaint that mirrored the amended complaint filed in state court, except that it makes no reference to § 1983.

The Defendants moved for summary judgment, arguing that Daly's allegations failed to state a claim either under state law or § 1983. In response, Daly stated that he had withdrawn the § 1983 claim, but then went on to address the merits of that claim. The district court treated Daly's motion to amend the complaint as a motion to voluntarily dismiss his § 1983 claim, and granted the motion. The court then exercised its supplemental jurisdiction and

concluded that the remaining state claims failed on the merits. Daly noted a timely appeal.

Daly's sole claim on appeal is that the district court abused its discretion in exercising supplemental jurisdiction after he moved to dismiss the only federal claim.

In determining whether a plaintiff's claim arises under federal law, for purposes of federal question jurisdiction under § 1331, district courts apply the "well-pleaded complaint rule," which holds that courts ordinarily "look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). "The general rule, of course, is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Daly's amended complaint was far from a work of clarity. However, § 1983 is specifically referenced in paragraphs 144 and 146 (notwithstanding the drafter's notes) and the allegations, if true, could have stated a § 1983 action. Moreover, when made aware of the supposed error, counsel did not unequivocally assert an intent to withdraw the federal cause of action nor did she move to remand the case to state court. On these facts, we find that the

- 3 -

district court properly construed the amended complaint to sufficiently identify a § 1983 claim and, therefore, the court had jurisdiction under § 1331.

Once the district court dismissed the federal claim, the court had the authority to retain jurisdiction over the state law claims that were closely related to the original claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a). We have recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). In exercising that discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id.

Here, the court specifically found that it was familiar with the facts and issues in the case, the action had progressed to the summary judgment stage, and a remand to state court would be a waste of judicial resources. Given these findings, we cannot say that the district court abused its discretion in exercising supplemental jurisdiction over Daly's state law claims. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately addressed in the

- 4 -

materials before the court and argument would not aid the decisional process.

AFFIRMED